### WILKINS *versus* BABBERSHALL.

In order to discredit an opposing witness, by proving, that he had made declarations in conflict with his testimony, it is not requisite, that he should be previously interrogated as to such declarations.

EXCEPTIONS. Writ of entry. Plaintiff claimed under a levy against Fowles & al. Defendant claims under a conveyance from Fowles, made prior to the plaintiff's attachment. To show the conveyance fraudulent, plaintiff read the deposition of Fowles. The defendant then called one Doane to show that Fowles had made a contradictory statement. To such proof the plaintiff objected, until Fowles,

upon inquiry, should have opportunity to explain the statements which he had made. But the proof was admitted, and the plaintiff excepted, the verdict having been against him.

*J. Appleton*, for plaintiff. — The proof was inadmissible. It was of mere out-door conversation, and on irrelevant matter. The defendant, at the taking of the deposition, should have inquired of Fowles as to any of his declarations, which he intended to prove. Such are the English and American decisions. Not to have done so, was a trap upon Fowles, and a wrong to the plaintiff. Greenl. on Ev. § 462 ; 2 Phil. Ev. 244 ; 3 Starkie's Ev. 1753.

The case of *Ware* v. *Ware*, 8 Greenl. 42, *contra*, was an uncalled for *dictum*, and wrong in principle. *State* v. *Blake*, 25 Maine, 350.

HOWARD, J., orally. — The plaintiff contends that it was not competent for defendant to prove the out-door statements of Fowles, till, upon inquiry, Fowles had had opportunity to explain. Such is the rule in England and in some of the other States. It was never so in Maine. It has always been understood that the declarations of a witness may be proved, without such previous inquiry. The rule is well known. It is a salutary one, and we see no reason for changing it.

*Exceptions overruled.*

*Peters*, for defendant.